JS 44   (Rev. 08/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
JOHN PRANGE, D.V.M.

## DEFENDANTS
NO NONSENSE NEUTERING, INC.

**(b)** County of Residence of First Listed Plaintiff   **BERKS**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   **LEHIGH**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
ADAM D. MESHKOV
MESHKOV & BRESLIN
830 LEHIGH STREET, EASTON PA 18042, 610-438-6300

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question  *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity  *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
42 U.S.C. § 12101 et seq.
Brief description of cause:
Americans with Disabilities Act Violation

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE   9/8/16
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #   _____   AMOUNT   _____   APPLYING IFP   _____   JUDGE   _____   MAG. JUDGE   _____

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 71 Forest View Drive, Mertztown, PA 19539

Address of Defendant: 3622 Sturbridge Road, Allentown, PA 18104

Place of Accident, Incident or Transaction: 3622 Sturbridge Road, Allentown, PA 18104
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐  No☒

Does this case involve multidistrict litigation possibilities?   Yes☐  No☒

RELATED CASE, IF ANY:
Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes☐  No☒
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes☐  No☒
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes☐  No☒
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) ADA

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Adam Meshkov, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☒ Relief other than monetary damages is sought.

DATE: 9/8/16   _____ Attorney-at-Law   94856 Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 9/8/2016   _____ Attorney-at-Law   94856 Attorney I.D.#

CIV. 609 (5/2012)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

John Prange, D.V.M. : CIVIL ACTION
v. :
No Nonsense Neutering, Inc. : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

9/9/2016    Adam D. Meshkov    Plaintiff
**Date**    **Attorney-at-law**    **Attorney for**

610-438-6300    610-438-6304    adm@meshkovbreslin.com
**Telephone**    **FAX Number**    **E-Mail Address**

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN PRANGE, D.V.M <br><br> Plaintiff <br><br> vs. <br><br> NO NONSENSE NEUTERING, INC. <br><br> Defendant | No.: <br><br><br> JURY TRIAL DEMANDED |

## COMPLAINT – CIVIL ACTION

Plaintiff, JOHN PRANGE D.V.M., by and through his undersigned attorney, ADAM. D. MESHKOV, ESQUIRE, hereby brings this Complaint against Defendant, NO NONSENSE NEUTERING, INC. and in support hereof avers as follows:

### PARTIES

1. Plaintiff, JOHN PRANGE D.V.M, is an adult individual and resident of Pennsylvania with a mailing address of 71 Forest View Drive, Mertztown, Pennsylvania 19539.

2. Upon information and belief, Defendant, NO NONSENSE NEUTERING, INC., is a registered Pennsylvania corporation with an address of at 3622 Sturbridge Road, Allentown, Pennsylvania 18104 which employs in excess of fifty (50) employees.

### VENUE AND JURISDICTION

3. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 because certain claims set forth by Plaintiff arise under federal law, namely, the American with Disabilities Act ("ADA") at 42 U.S.C. § 12101 *et seq.*

4. Venue is proper in this District under 28 U.S.C. §1391(b) and 29 U.S.C. §1132(e) because Defendant's headquarters and several of its business operations are located in the Eastern District of Pennsylvania.

## EXHAUSTION OF RIGHTS

5. On June 15, 2015, Plaintiff filed a Charge of Discrimination with the United States Equal Opportunity Commission ("EEOC").

6. Plaintiff has requested but has not yet received a "Right to Sue" letter from the EEOC.

## FACTUAL ALLEGATIONS

7. Plaintiff incorporates herein by reference all of the foregoing paragraphs as though fully set forth at length below.

8. Plaintiff, a seventy-one (71) year old male, was hired by Defendant in 2011.

9. For the duration of his employment from 2011 to May 11, 2015, Plaintiff worked an average of approximately ten (10) hours a week for which he had been paid $80.00 per hour.

10. In September 2014, Plaintiff informed Defendant's principal owner, Martha Kahan, that it was his intention to retire beginning in March 2016.

10. At or about the same time, Plaintiff also advised Ms. Kahan of his express intention to work for Defendant in the same capacity as he had been prior to announcing his intentions of retirement.

11. On or about March 22, 2015, Ms. Kahan emailed Plaintiff requesting that he meet her for dinner, which they agreed to do.

2

12. On or about March 26, 2015, Plaintiff and Ms. Kahan met at the Kutztown Pub, during which Ms. Kahan informed Plaintiff that he was to be replaced and that his employment would be effectively ended as of May 11, 2015, ten (10) months before Plaintiff intended to retire.

13. During this meeting, Plaintiff was additionally informed by Ms. Kahan that his work hours and schedule would be assumed by Andrew W. McMannis, D.V.M, who had worked for Defendant for approximately two (2) years on a part-time basis at its Quakertown location.

14. Dr. McMannis is significantly younger and less experienced than Plaintiff.

15. On or about April 21, 2015, Plaintiff's undersigned counsel drafted and forwarded a letter to Ms. Kahlan expressing unequivocally that it was Plaintiff's belief that the decision to terminate his employment early and the decision to replace him with a younger individual was motivated and driven by his age. See *Exhibit "A"*.

16. In the same letter, undersigned counsel requested that Defendant respond in some way to these allegations. *Id.*

17. Rather than receiving a direct response from either Ms. Kahan or any other authorized agent of Defendant or its counsel, on April 30, 2015, nine (9) days following undersigned counsel's letter, Ms. Kahan forwarded a letter to Plaintiff informing him that his employment was to be terminated, effective immediately. See *Exhibit "B"*.

3

## COUNT ONE
## VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT 29 U.S.C. § 621 *et seq.*

18. Plaintiff incorporates herein by reference all of the foregoing paragraphs as though fully set forth below.

19. Plaintiff announced his intention to retire in September 2014, eighteen (18) months prior to his desired retirement date of March 2016.

20. In March 2015, six (6) months after Plaintiff announced his intention to retire and approximately one (1) year prior to his desired retirement date, Plaintiff was informed by Ms. Kahan that he would be terminated and replaced effective May 11, 2015, ten (10) months prior to his aforementioned desired retirement date.

21. At or about the same time, Plaintiff was informed by Ms. Kahan that he would be replaced by a significantly younger and less experienced individual.

22. On April 30, 2015, Plaintiff was fired without warning, a mere eleven (11) days before his original date of termination of May 11, 2015 in response to a letter written by undersigned counsel alleging age discrimination against Plaintiff. *Id.*

23. Defendant alleges that Plaintiff was terminated due to lack of attention to a bleeding issue in dogs occurring after Plaintiff performed surgery on said dogs.

24. Plaintiff states and therefore avers that he was unaware of the alleged bleeding issues that were the basis of his termination, and that he has never allowed animals to leave his operating table while actively bleeding.

25. Plaintiff believes and therefore avers that his termination was a result of discrimination against his advanced age, and a direct retaliation against his intention to retire.

26. For the foregoing reasons, Defendant willfully and intentionally discriminated against Plaintiff in violations of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*

WHEREFORE, Plaintiff respectfully requests this Court enter an Order against Defendant requiring his compensation for damages suffered in the form of lost wages, anticipated wages, emotional distress, mental anguish, pain and suffering, inconvenience, humiliation, loss of the enjoyment of life, liquidated damages, if applicable, fees and costs, and all such other relief as this Court deems just, equitable and proper.

### COUNT TWO
### VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT, 43 Pa. C.S.A. § 951 *et seq.*

26. Plaintiff incorporates herein by reference all of the foregoing paragraphs as though fully set forth below.

Plaintiff announced his intention to retire in September 2014, eighteen (18) months prior to his desired retirement date of March 2016.

27. In March 2015, six (6) months after Plaintiff announced his intention to retire and approximately one (1) year prior to his desired retirement date, Plaintiff was informed by Ms. Kahan that he would be terminated and replaced effective May 11, 2015, ten (10) months prior to his aforementioned desired retirement date.

28. At or about the same time, Plaintiff was informed by Ms. Kahan that he would be replaced by a significantly younger and less experienced individual.

29. On April 30, 2015, Plaintiff was fired without warning, a mere eleven (11) days before his original date of termination of May 11, 2015 in response to a letter written by undersigned counsel alleging age discrimination against Plaintiff. *Id.*

30.     For all of the foregoing reasons, Defendant willfully and intentionally discriminated against Plaintiff in violation of the Pennsylvania Human Relations Act, 43 Pa. C.S.A. § 951 *et seq.*

WHEREFORE, Plaintiff respectfully requests this Court enter an Order against Defendant requiring his compensation for damages suffered in the form of emotional distress, mental anguish, pain and suffering, inconvenience, humiliation, loss of the enjoyment of life, liquidated damages, if applicable, fees and costs, and all such other relief as this Court deems just, equitable and proper.

MESHKOV & BRESLIN

By: /s/ adm2795
ADAM D. MESHKOV, ESQUIRE
*Attorney for Plaintiff*
ID: 94856
830 Lehigh Street
Easton, PA 18042
(T) 610-438-6300 / (F) 610-438-6304